# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

FREDERICK A. PRATER, JR.,

        Petitioner,    :    Case No. 2:23-cv-632

- vs -    District Judge James L. Graham
    Magistrate Judge Michael R. Merz

WARDEN, Mansfield Correctional
  Institution,

        :
        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION TO DISMISS

This habeas corpus case, brought *pro se* by Petitioner Frederick A. Prater, Jr., pursuant to 28 U.S.C. § 2254, is before the Court on Respondent's Motion to Dismiss the Petition as Time-barred (ECF No. 7).  Petitioner filed a responsive Motion offering reasons why the case should be allowed to proceed (ECF No. 11).  Respondent's time under S. D. Ohio Civ. R. 7.2 to reply in support of the Motion to Dismiss has expired and no reply has been filed.

A motion to dismiss a case involuntarily is a dispositive motion on which an assigned Magistrate Judge is required to make a recommendation, rather than a decision.  Fed.R.Civ.P. 72(b)(1).

The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") enacted a statute of limitations for habeas corpus action, 28 U.S.C. § 2244(d), which provides:

1

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent calculates the running of the statute as follows: Petitioner was convicted in the Franklin County Court of Common Pleas. His conviction was reviewable on direct appeal by the Ohio Tenth District Court of Appeals which affirmed the conviction March 13, 2018. *State v. Prater,* 108 N.E.3d 665, 2018-Ohio-932 (Ohio App. 10th Dist. Mar. 13, 2018). Prater's deadline to seek review in the Ohio Supreme Court expired forty-five days later on April 27, 2018, but he did not file a notice of appeal, so the statute of limitations began to run the next business day, April 30, 2018, because that is the date on which his conviction became final on direct review.

After the statute had run for thirty-five days, it was tolled when Prater sought a delayed direct appeal from the Supreme Court of Ohio and it remained tolled under 28 U.S.C. § 2244(d)(2) until that court denied a delayed appeal. It was also tolled until the Tenth District denied an application to re-open under Ohio R. App. P. 26(B), and the Ohio Supreme Court declined to hear an appeal from denial of his petition for post-conviction relief on February 15, 2022 (Entry, State Court Record, ECF No. 6, PageID 618, Ex. 51).  At that point there were 330 days left to run on the statute.  That time expired January 11, 2023.  Prater's Petition does not contain a declaration of when he deposited it in the prison mail system, but it is dated as signed February 3, 2023 (ECF No. 1, PageID 15).  The Court credits that as the date of deposit and therefore of filing under the "mailbox" rule.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  The Petition was then filed twenty-three days after expiration of the statute of limitations.

When asked by the standard form for habeas petition to explain why his petition was not untimely, Prater wrote "Prater filed a timely Petition for Post-Conviction Relief and the Ohio Supreme Court did not deny to accept jurisdiction until February 15, 2022.  28 U.S.C. § 2244(d)(2) is applicable." (Petition, ECF No. 1, PageID 13).  The Court agrees that 2244(d)(2) is applicable to the case and acted to toll the statute for thirty-five days between expiration of his time to directly appeal to the Ohio Supreme Court as a matter of right and the date he filed to seek a delayed appeal. The delayed direct appeal of a felony under Ohio law does not toll the statute of limitations or start it running again. *Searcy v. Carter*, 246 F.3d 515 (6th Cir. 2001).  Prater evidently understood that the one-year statute of limitations ran from the date the Ohio Supreme Court denied his appeal from denial of post-conviction relief.  Were that the case, his February 3, 2023, filing would have been cutting it close, but would still have been timely.

In response to the Motion to Dismiss, Petitioner has filed a "Pro Se Motion Pursuant to 28 U.S.C. § 2244(A) and (B)(ECF No. 11). In it he claims entitlement to the miscarriage of justice exception and equitable tolling.

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that presentation of evidence of actual innocence sufficient to satisfy the standard of *Schlup v. Delo,* 513 U.S. 298, 316 (1995), would also excuse failure to meet the statute of limitations. Prater claims to be actually innocent, but has not presented new evidence sufficient to satisfy *Schlup*. He claims his co-defendant, one Isawan Foster, has bragged off the record that he is the one who shot Stephanie Norvett, the victim Prater was convicted of shooting. Prater does not advise the Court of what evidence he has of this brag, but even a notarized affidavit from Foster himself would not meet the *Schlup* standard. Foster could give such an affidavit at no cost to himself: having been acquitted by the jury, he is protected from further prosecution by the Double Jeopardy Clause. Thus his affidavit would be less than fully credible. And it is not the type of evidence envisioned by *Schlup*.

Alternatively, Prater seeks equitable tolling of the statute. Because § 2244(d) is a true statute of limitations and not a jurisdictional bar, it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 646 (2010). A petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 193 L. Ed. 2d 652(2016); *Ata v. Scutt*, 662 F.3d 736 (6th Cir. 2011), *quoting Holland*, 130 S. Ct. at 2562, *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[T]he second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe*, 136 S. Ct. at 756, citing *Holland* (emphasis sic).

Prater claims the extraordinary circumstances applicable to his case are "ignorance of the law" and the on-again, off-again availability of law library facilities at his location of imprisonment The Sixth Circuit has held that ignorance of the law, illiteracy, and lack of legal assistance do not amount to grounds for equitable tolling. *Allen v. Yukins,* 366 F.3d 396, 403 (6th Cir. 2004).

On the other hand, the Sixth Circuit has held equitable tolling is to be decided on a case-by-case basis. "The propriety of equitable tolling must necessarily be determined on a case-by-case basis." *United States v. Solomon*, 467 F.3d 928, 933 (6th Cir. 2006), quoting *Truitt v. County of Wayne,* 148 F.3d 644, 648 (6th Cir.1998). In *Solomon* the Sixth Circuit reversed a denial of equitable tolling by the undersigned and held it was mandated where the delay was much longer than in this case. The record shows Prater's diligence in pursuing his claims in the Ohio courts. His failure to file in time appears to be more a matter of mistake of law than "ignorance" of the law. If a delayed direct appeal were a part of direct review rather than collateral his Petition would have been timely. For a number of years, this issue divided the judges of the Sixth Circuit until it was settled by the *en banc* decision in *Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005)(*en banc*), where the court expressly overruled *White v. Schotten*, 201 F.3d 743 (6th Cir. 2000). A mistake of law plausible enough to have been accepted by the Court of Appeals is far different from a generalized "ignorance of the law" excuse.

The Magistrate Judge concludes Petitioner's claim of equitable tolling should be honored and Respondent's Motion to Dismiss denied.

October 16, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
