# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

FREDERICK A. PRATER, JR.,

        Petitioner,    :    Case No. 2:23-cv-632

- vs -    District Judge James L. Graham
    Magistrate Judge Michael R. Merz

WARDEN, Mansfield Correctional
  Institution,

                :

        Respondent.

## DECISION AND ORDER STRIKING AMENDED PETITION AND ORDERING AN ANSWER

This habeas corpus case is before the Court for review upon the transfer of the Magistrate Judge reference in the case (ECF No. 15).

**Amended Petition**

In a recent filing, Respondent calls attention to the fact that Petitioner has improperly filed an Amended Petition (ECF No. 12) without seeking or obtaining consent from Respondent or permission from the Court as required by Fed.R.Civ.P. 15.  Because the Amended Petition was improperly filed, it is hereby STRICKEN.  If Petitioner wishes to amend his Petition, he must file a motion to amend accompanied by a complete copy of the proposed amended petition.

1

**Order for Answer**

When initially filed, this case was referred to Magistrate Judge Deavers. After initial review under Rule 4 of the Rules Governing § 2254 Proceedings (the "Habeas Rules"), she ordered "Respondent shall file an answer conforming to the requirements of Rule 5 of the Rules Governing § 2254 Cases within sixty (60) days of the date of filing of this Order." That made the answer due May 2, 2023. On April 28, 2023, Respondent sought and received an extension of time to May 23, to "respond" to the Petition (ECF Nos. 4 & 5). Respondent then responded with the Motion to Dismiss (ECF No. 7). The undersigned has filed a Report and Recommendation recommending that the Motion to Dismiss be denied. Assuming that recommendation is adopted by District Judge Graham, Respondent would then perforce be compelled to file an answer.

Under the current and prior Attorneys General, the State of Ohio has assumed that a motion to dismiss a petition as untimely is allowed without court permission and is an adequate response to an order for an answer. The undersigned disagrees. Habeas Rule 4 allows the habeas court to order an "answer, motion, or other response within a fixed time . . ." In this case Magistrate Judge Deavers ordered an answer and was not asked to modify that order to allow a motion to dismiss.

Of course a motion to dismiss raising a dispositive issue such as limitations, procedural default, or lack of exhaustion may require less effort from all parties involved in briefing and deciding the issue, but when that issue is not easily resolved in the State's favor, a motion to dismiss may add considerable time to the litigation, particularly because all habeas corpus cases in this District are referred to Magistrate Judges,[1] so that resolution of the motion may take considerable time. At the very least the Assistant Attorneys General regularly assigned to these

---

[1] This is the practice throughout the United States and seems to have been assumed by the drafters of the Magistrates Act in 1968.

2

cases should ask leave to Court to proceed by motion to dismiss rather than assuming the right to do so and that filing such a motion automatically extends their time to file an answer.

Because the practice in this case reflects what the Attorney General's Office has probably come to expect, the undersigned *sua sponte* extends the time of Respondent to file an answer to and including November 15, 2023.

October 16, 2023.

s/ *Michael R. Merz*
United States Magistrate Judge
