# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

FREDERICK A. PRATER, JR.,

          Petitioner,      :      Case No. 2:23-cv-632

  - vs -                         District Judge James L. Graham
                                  Magistrate Judge Michael R. Merz

WARDEN, Mansfield Correctional
  Institution,

                              :
          Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

      This habeas corpus case, brought *pro se* by Petitioner Frederick Prater under 28 U.S.C. § 2254, is before the Court on Respondent's Objections ("Objections," ECF No. 20) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 18) recommending that Respondent's Motion to Dismiss on statute of limitations grounds be denied and Petitioner be granted equitable tolling for the approximately three weeks his Petition was late.  District Judge Graham has recommitted the case for reconsideration in light of the Objections (ECF No. 21).  At the Court's request, Petitioner has responded to the Objections ("Response," ECF No. 24).

**Summary of the Report**

      The Report accepted Respondent's calculation of statutory time as follows:

1

> Petitioner was convicted in the Franklin County Court of Common Pleas. His conviction was reviewable on direct appeal by the Ohio Tenth District Court of Appeals which affirmed the conviction March 13, 2018. *State v. Prater*, 108 N.E.3d 665, 2018-Ohio-932 (Ohio App. 10th Dist. Mar. 13, 2018). Prater's deadline to seek review in the Ohio Supreme Court expired forty-five days later on April 27, 2018, but he did not file a notice of appeal, so the statute of limitations began to run the next business day, April 30, 2018, because that is the date on which his conviction became final on direct review.
>
> After the statute had run for thirty-five days, it was tolled when Prater sought a delayed direct appeal from the Supreme Court of Ohio and it remained tolled under 28 U.S.C. § 2244(d)(2) until that court denied a delayed appeal. It was also tolled until the Tenth District denied an application to re-open under Ohio R. App. P. 26(B), and the Ohio Supreme Court declined to hear an appeal from denial of his petition for post-conviction relief on February 15, 2022 (Entry, State Court Record, ECF No. 6, PageID 618, Ex. 51).  At that point there were 330 days left to run on the statute. That time expired January 11, 2023. Prater's Petition does not contain a declaration of when he deposited it in the prison mail system, but it is dated as signed February 3, 2023 (ECF No. 1, PageID 15). The Court credits that as the date of deposit and therefore of filing under the "mailbox" rule. *Haines v. Kerner,* 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). The Petition was then filed twenty-three days after expiration of the statute of limitations.

(Report, ECF No. 18, PageID 1311-12).

When asked in the standard form of petition why his case was timely filed, Petitioner responded that he had filed a timely petition for post-conviction relief and then filed his Petition here within one year of the Ohio Supreme Court's denial of review in that proceeding (Petition, ECF No. 1, PageID 13).  He obviously did not take account of the thirty-five days that the statute ran from his failure to file an appeal to the Ohio Supreme Court as a matter of right until he sought a delayed appeal.  It was those thirty-five days of preventing his Petition from being filed within time.

2

In response to the Motion to Dismiss, Petitioner claimed actual innocence and equitable tolling.  He did not present a plausible claim of actual innocence, but the Report concluded he should be granted equitable tolling (Report, ECF No. 18, PageID 1314).

**Objections**

Neither party objected to the Magistrate Judge's calculation of time under the statute or the actual innocence analysis.

Respondent filed extensive objections to the grant of equitable tolling.  It conceded equitable tolling is generally available under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), but denied it is appropriately applied to this case, asserting "Prater has *not* shown that he was pursuing his rights diligently or that any extraordinary circumstances beyond his control prevented him from making a timely filing of his habeas petition" (Objections, ECF No. 20, PageID 1319).  The Warden relied on *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006), a case arising from this Court, for that standard for granting equitable tolling. *Id.* The Supreme Court reaffirmed that standard in *Holland v. Florida,* 560 U.S. 631, 649 (2010).

The Warden distinguishes between diligent pursuit of post-conviction claims in state courts and then pursuit of the habeas remedy after exhaustion.  The Objections seems to concede Prater was diligent in the state courts, but claim he has not shown diligence in proceeding in this Court once the state proceedings were complete.

The Petitioner in *Solomon* was incarcerated when AEDPA was adopted in April 1996 and it took some time for him to learn of the newly-adopted statute of limitations and the one-year grace

3

period from its adoption to meet the statute[1]. He apparently provided a list of actions he had taken once he learned of the deadline, but there is no record reference given for that list. 467 F. 3d at 934. In any event the Sixth Circuit found Solomon had been pursuing his claim diligently[2] and allowed him about two months of equitable tolling, although this Court had denied equitable tolling.

Petitioner in this case has provided no such list of actions taken to prepare his habeas petition. The Magistrate Judge expressly requested that he provide some response to the Objections and he filed a response entitled "Petitioner's Pro Se Responses To Notice And Order - And – Recommittal Order" (ECF No. 24).

> Consider what courts (and agencies) mean when they speak of diligence for equitable tolling purposes. They do not contemplate diligence in general, quotidian terms but prescribe a precise and elevated standard an applicant must satisfy. The applicant must demonstrate, based on the totality of the circumstances, that he made a reasonable effort to pursue his claims in the face of extraordinary obstacles standing in his way. And if the applicant meets that standard, he is entitled to equitable tolling. That simply does not look like a determination left to agency discretion. A non citizen's entitlement to equitable tolling, in short, implicates a matter of right, not grace.

*Id.* at PageID 1337. Petitioner then quotes the conclusion from the Report that Prater was diligent in pursuing his claims in the **Ohio** courts.

In his initial opposition to the Motion to Dismiss, Petitioner blamed the "off-and-on, on-and-off, off-and-on, on-and-off times to the prison law library along with prison lockdowns at Mansfield Correctional Institution in Mansfield, Ohio, barred him from adequately "pro se" litigating his petition for writ of habeas corpus for relief." (ECF No. 11, PageID 1256) While this statement provides no list of times and dates of closure or lockdowns, a *pro se* litigant can hardly

---

[1] Prior to AEDPA, a § 2255 motion could be filed at any time.
[2] The *Solomon* court applied a five-factor test for equitable tolling from *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.2001). *Dunlap* has been superseded, but the diligence factor is preserved. *Ata v. Scutt*, 662 F.3d 736 n3 (6th Cir. 2011).

be expected to keep such a journal.[3]

Respondent objects

> Neither a petitioner's pro se status nor his professed ignorance of the law will justify equitable tolling of the limitations period for filing a federal habeas petition for even one day. *Johnson v. U.S*, 544 U.S. 295, 311 (2005); *United States v. Locke,* 471 U.S. 84, 101 (1985); see also *United States v. Baker*, 197 F.3d 211, 218 (6th Cir. 1999).

(Objections, ECF No. 20, PageID 1320). The cited cases do not stand squarely for the proposition for which they are cited. In *Johnson*, the Court found lack of diligence – a delay of twenty-one months -- in pursuing a state court remedy which was necessary before a § 2255 motion was cognizable prevented Johnson from deserving equitable tolling. *Locke*, decided eleven years before AEDPA, found that a one-day late filing under the Federal Land Policy and Management Act would be ineffective; the case does not concern AEDPA equitable tolling.

Respondent also relies on *Vroman v. Brigano,* 346 F.3d 598 (6th Cir. 2003). There the circuit court declined to grant equitable tolling of more than a year. Here the requested period is only twenty-three days. In *Hairston v. Warden, Warren Corr. Inst*. 1:09-cv-247, 2010 U.S. Dist. LEXIS 106067 at *3 (S.D. Ohio Oct. 5, 2010), Judge Spiegel of this Court upheld a denial of equitable tolling where the extraordinary circumstance relief on was an attorney error in calculating the due date, whereas here we have an understandable and much shorter *pro se* error in the calculation.

Whether Petitioner should be granted equitable tolling for the required twenty-one days is thus a close question. Denying Petitioner equitable tolling of the statute, at least at this stage of the proceedings, would frustrate the general preference of federal procedure for deciding cases on their merits. After conducting the required review of the case under Rule 4, Magistrate Judge Deavers ordered Respondent to file an answer which would include any affirmative defenses such as the statute

---

[3] At the stage of proceedings at which he presented his list of actions showing diligence, Solomon was represented by distinguished Washington, D.C. counsel; Prater was without counsel during the time he was preparing his Petition in this case.

5

of limitations (ECF No. 3, PageID 21). She did not provide that the Warden could choose the alternative of filing a motion to dismiss. While Fed.R.Civ.P. 12 provides that alternative to civil defendants, allowing a habeas respondent to choose that alternative without court permission necessarily delays the habeas process and allows the State to continue a petitioner's incarceration until the motion to dismiss is resolved. The Rules Governing § 2254 Cases contemplate a much more compact process than the Civil Rules and that process should be enforced in this case.

The Magistrate Judge therefore respectfully recommends that Motion to Dismiss be denied without prejudice to adjudication of the statute of limitations defense upon consideration of the merits of the case as a whole after the State has filed an answer complying the Judge Deavers' Order.

November 21, 2023.

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge