# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

FREDERICK A. PRATER, JR.,

                    Petitioner,            :      Case No. 2:23-cv-632

    - vs -                                        District Judge James L. Graham
                                                  Magistrate Judge Michael R. Merz

WARDEN, Mansfield Correctional
    Institution,

                                           :
                    Respondent.

# SUBSTITUTED REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Frederick Prater under 28 U.S.C. § 2254, is before the Court on Respondent's Objections ("Objections," ECF No. 26) to the Magistrate Judge's Supplemental Report and Recommendations ("Report," ECF No. 25) recommending that Respondent's Motion to Dismiss on statute of limitations grounds be denied and Petitioner be granted equitable tolling for the approximately three weeks his Petition was late. District Judge Graham has recommitted the case for reconsideration in light of the Objections (ECF No. 27). At the Court's request, Petitioner responded to the Respondent's Objections to the Magistrate Judge's original Report, providing his reasons for believing he is entitled to equitable tolling. ("Response," ECF No. 24).

Having reconsidered the question in light of these filings, the Magistrate Judge concludes he was in error in recommending that Respondent's Motion to Dismiss be denied. Accordingly,

the Report and Recommendations (ECF No. 18) and the Supplemental Report and Recommendations (ECF No. 25) are WITHDRAWN.

The Petition in this case was filed February 3, 2023, as measured by the date of deposit in the prison mail system, which Respondent does not contest (See Report, ECF No. 18, PageID 1312). By Respondent's calculation which the Magistrate Judge accepts and Petitioner does not dispute, the AEDPA's one-year statute of limitations expired January 11, 2023, making the filing twenty-three days late. *Id.*

The Report attributed this lateness to Petitioner's mistake of law, to wit, his belief that the one-year statute of limitations ran from the date on which the Supreme Court of Ohio had declined jurisdiction to review denial of his petition for post-conviction relief on February 15, 2022 (Entry, State Court Record, ECF No. 6, Ex. 51)[1]. Petitioner essentially confirmed this analysis (Report, ECF No. 18, PageID 1312). This was a relatively minor mistake of law. The Magistrate Judge believed that the Court, in its exercise of its equity powers, should excuse the this less-than-three-week delay in the interest of deciding the case on the merits. Respondent's Objections persuade the undersigned this is not a correct analysis.

The Objections rely heavily on *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745 (6th Cir. 2011). In that case the Sixth Circuit affirmed a denial of equitable tolling by District Judge Barrett and Magistrate Judge Bowman of this Court where Petitioner was only five days late. The analysis focused not on whether the length of excused delay was an abuse of equitable discretion, but on whether Hall had shown any extraordinary circumstance had caused the delay. In *Hall*, the Sixth Circuit confirmed that the standard for justifying equitable tolling is that adopted by the Supreme Court in *Holland v. Florida*, 560 U.S. 631 (2010), to wit, "a habeas petitioner must demonstrate

---

[1] The statute had in fact run for thirty-five days from the expiration of Prater's time to seek direct review in the Ohio Supreme Court until it was tolled by Prater's application for leave to file a delayed appeal to that Court.

both that he has been diligent in pursuing his rights **and** that an extraordinary circumstance caused his untimely filing." 662 F.3d at 750 (emphasis supplied).  That extraordinary circumstance must have been something beyond the petitioner's control *Hall*, 662 F.3d at 749, citing *Robertson v. Simpson,* 624 F.3d 781 at 783 (6th Cir.2010).  Prater's mistake of law was not something external to himself, but a mistake he made internally.  It therefore does not qualify as an extraordinary circumstance excusing the late filing as a matter of equitable tolling.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge concludes Prater's Petition is time-barred without the excuse of equitable tolling and therefore should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 11, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's

objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge