IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Frederick A. Prater, Jr., | : |
| | : Case No. 2:23-cv-632 |
| Petitioner, | : |
| v. | : Judge Graham |
| | : |
| Warden, Mansfield Correctional Institution, | : Magistrate Judge Merz |
| | : |
| Respondent. | : |

## OPINION & ORDER

This matter is before the Court upon Petitioner Frederick A. Prater, Jr.'s objections[1] to the Magistrate Judge's order denying Petitioner's motion to amend. ECF No. 30. Because Petitioner has not shown the Magistrate Judge's decision to be clearly erroneous or contrary to law, and for the reasons that follow, the Court **OVERRULES** Petitioner's objections (ECF No. 30) and **ADOPTS** the Magistrate Judge's *Decision and Order Denying Motion to Amend* (ECF No. 29). Furthermore, the Court **ADOPTS** the Magistrate Judge's *Substituted Report and Recommendations* (ECF No. 28), noting that no objections thereto have been filed and that the time for filing such objections has closed. Therefore, the Court **GRANTS** Respondent's *Motion to Dismiss Habeas Petition as Time-Barred* (ECF No. 7).

## DISCUSSION

This is a *pro se* habeas corpus action brought under 28 U.S.C. § 2254. Respondent filed a motion to dismiss on May 22, 2023, arguing that the action should be dismissed as time-barred. ECF No. 7. On October 16, 2023, the Magistrate Judge issued a Report and Recommendation ("R&R") which recommended that the motion to dismiss be denied based on Petitioner's claim of

---

[1] Petitioner's filing is titled "Petitioner's Pro Se Response to Decision and Order Denying Motion to Amend," which the Court construes as objections pursuant to 28 U.S.C. § 636(b)(1)(A).

[1]

equitable tolling. ECF No. 18. On October 23, 2023, Respondent objected to the October 16 R&R, and this Court recommitted the matter to the Magistrate Judge the following day. ECF No. 20. On November 22, 2023, the Magistrate Judge issued a supplemental R&R recommending that the motion to dismiss be denied "without prejudice to the adjudication of the statute of limitations defense upon consideration of the merits of the case as a whole after the State has filed an answer." ECF No. 25. On December 6, 2023, Respondent objected (again) to the supplemental R&R, and this Court again recommitted the matter for further analysis. ECF No. 26; ECF No. 27. On December 11, 2023, the Magistrate Judge issued a "Substituted" R&R in which the Magistrate Judge withdrew his previous recommendations and instead recommended that Respondent's motion to dismiss be granted and Petitioner's action be dismissed with prejudice. ECF No. 28. No objections were filed as to the December 11 R&R.

On November 9, 2023, Petitioner filed a motion to amend his habeas petition. ECF No. 23. On December 29, 2023, the Magistrate Judge issued a decision denying Petitioner's motion to amend. ECF No. 29. On January 18, 2024, Petitioner filed an objection to the decision denying his motion to amend. ECF No. 30.

## STANDARD OF REVIEW

Section 636 of Title 28 of the United States Code sets forth the jurisdiction and powers of magistrate judges, and, in so doing, "essentially creates two different standards by which district courts review a magistrate judge's finding." *Monroe v. Houk*, No. 2:07-CV-258, 2016 WL 1252945, at *1 (S.D. Ohio Mar. 23, 2016). Generally speaking, as to dispositive motions, a magistrate judge may be designated to make a report and recommendation to the district court for the disposition of the motion. 28 U.S.C. § 636(b)(1)(B). When a party raises timely objections to a magistrate judge's report and recommendation, the court "shall make a *de novo* determination of

those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). When no objections are timely filed, a district court reviews a magistrate judge's report and recommendation for clear error. Fed. R. Civ. P. 72, advisory committee note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

As to non-dispositive motions, magistrate judges may be designated to hear and determine "any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). When reviewing such determinations by the magistrate judge, the district court may reconsider the determination "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*

### 1. Order Denying Motion to Amend.

Petitioner objects to the denial of his motion to amend. ECF No. 30. A motion to amend a pleading is a non-dispositive motion, and, as such, within the Magistrate Judge's decisional authority under 28 U.S.C. § 636(b)(1)(A) and the local rules of this Court. *Monroe v. Houk*, No. 2:07-CV-258, 2016 WL 1252945, at *1 (S.D. Ohio Mar. 23, 2016). Therefore, the Court reviews the Magistrate Judge's decision (ECF No. 29) under the "clearly erroneous or contrary to law" standard. *Id.*

In his motion to amend, Petitioner argues that evidence within and beyond the record establishes that his motion for acquittal at trial was erroneously denied. ECF No. 23. As noted in the Magistrate Judge's decision, the motion to amend is not entirely clear as to how Petitioner would amend his petition to incorporate this argument. ECF No. 29. Accordingly, the Magistrate Judge addressed (and ultimately denied) alternative theories of relief:

> To the extent petitioner seeks to add a free-standing claim of actual innocence, that is not a claim recognized under the Constitution…
> To the extent Petitioner is claiming actual innocence as a way of overcoming the statute of limitations, his evidence is not of the

[3]

>quality required for that purpose… Finally, it may be that Petition is attempting to amend to add claims that his conviction [is] not supported by sufficient evidence or is against the weight of the evidence. The weight of the evidence argument does not state a claim upon which relief can be granted in habeas corpus… The sufficiency argument was raised on direct appeal and rejected by the Tenth District Court of Appeals applying the correct constitutional standard.

*Id.* at 2-3 (internal citations omitted). Additionally, the Magistrate Judge considered whether the amendment would be futile and determined that the amendment would not save the petition from dismissal due to its untimeliness. *Id.* at 2.

Petitioner's objections focus on the determination that his evidence of actual innocence is "not of the quality required" to entitle him to equitable tolling. *Id.* Under *Schlup v. Delo*, a habeas petitioner may be entitled to equitable tolling of the statute of limitations if the petitioner can show "that the constitutional error probably resulted in the conviction of one who was actually innocent." 513 U.S. 298, 322, 115 S. Ct. 851, 864, 130 L. Ed. 2d 808 (1995). To clear this bar, the petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. While this Court, in considering Petitioner's claim, is not "bound by the rules of admissibility that would govern at trial," the evidence must be assessed for its "probative force" in contrast with "the evidence of guilt adduced at trial." *Id.* at 332.

Here, Petitioner articulates a claim of actual innocence based on two points of evidence. First, Petitioner asserts that Sherita Carter was "the key prosecution and defense counsel witness and testifying [sic] that Isawan Foster," Petitioner's co-defendant at trial, "alone committed the felonious assault against [the victim] while Petitioner looked on." ECF No. 30, 2. Second, Petitioner states that, after his trial, Foster (the co-defendant) "made social media accounts naming himself as the actual shooter of [the victim]." *Id.* at 3.

[4]

Respondent directs the Court's attention to the State court record (ECF No. 6), which demonstrates why Petitioner's actual-innocence claim does not stand muster. The State's theory of the case was that both Petitioner and his co-defendant had fired shots on the night of the crime. ECF No. 6, 46. Thus, "Whether or not Mr. Foster was also a shooter at the scene does not negate the jury's independent decision to find [Petitioner] guilty." *Id.* One victim was hit by the gunfire; she survived and testified that Petitioner, whom she knew since childhood, was on the passenger side of the car.[2] *State v. Prater*, 2018-Ohio-932, ¶ 8, 108 N.E.3d 665, 669. Testimony from three (3) additional witnesses—none of whom knew Petitioner prior to the shooting—corroborated that the passenger had a gun and that he shot the victim. *Id.* at ¶ 5. Physical evidence from the scene as well as video footage were both consistent with the testimony tending to inculpate Petitioner. *Id.* at ¶¶ 10-11. Thus, the proposed would-be testimony from Sherita Carter would be weighed against conflicting evidence from multiple sources.

In *Schlup*, the petitioner had "the sworn statements of several eyewitnesses that Schlup was not involved in the crime." 513 U.S. at 331. In contrast in the instant matter, Petitioner asks the Court to vacate the jury's verdict based on two statements reported by Petitioner in his motion, only one of which is a sworn statement, and neither of which clears the bar to establish that no reasonable juror would have convicted him upon hearing the new evidence.

Sherita Carter executed an affidavit on July 4, 2018, in which she states, "I had a clear view of all events regarding the shooting, and I was willing to testify that Isawan Foster fired the shots that evening, and Fred Prater did not fire any shots." ECF No. 6, 363. Carter's statement would contradict the testimony from the wounded victim who recognized Petitioner and identified him

---

[2] The wounded victim also admitted that she had unequivocally identified Petitioner as the shooter within days after the shooting, and only recanted ten months later, after speaking to both Petitioner and his family. *State v. Prater*, 2018-Ohio-932, ¶ 8. She also told the prosecutor that she was afraid for her children, and she changed hospital rooms after speaking to Petitioner. *Id.* At trial, she insisted she did not know who shot her. *Id.*

as the person who shot her shortly after the shooting. Carter's statement would also contradict the testimony from other witnesses who corroborated that the passenger in the vehicle—consistently identified as Petitioner—had a gun and started shooting. In other words, jurors would have to credit the testimony of the apparent associate riding in the car with the alleged shooters over the testimony of the four (4) people at whom they shot.

Foster's self-inculpating statements post-acquittal wield even less "probative force." *Schlup*, 513 U.S. at 332. Though Petitioner points to the co-defendant's "social media accounts" (ECF No. 30, 3), no evidence has been submitted to support this claim. The State court record contains an affidavit executed by Ashley Fields, in which the affiant describes the contents of recorded phone calls between Petitioner and Foster. ECF No. 6, 369. Setting aside the patent credibility issues,[3] Foster's statements on the jailhouse calls inculpate himself but do not exculpate Petitioner. *See* ECF No. 6, 370-73. As noted, the State's theory at trial was that both Petitioner and Foster had committed the crime—they were not choices in an either/or proposition presented to the jury.

The Court finds no clear error in the Magistrate Judge's determination that Petitioner's evidence of actual innocence does not establish that, more likely than not, no reasonable juror would have convicted him upon hearing the new evidence.

2.   **Report and Recommendation Granting Motion to Dismiss.**

Petitioner did not object to the R&R recommending that Respondent's motion to dismiss be granted. When no objections are timely filed, a district court reviews a magistrate judge's report and recommendation for clear error. Fed. R. Civ. P. 72, advisory committee note ("When no timely

---

[3] Foster's self-inculpating statements are of little consequence post-acquittal, and his statement is unsworn, lifted from jailhouse phone calls, and only reported secondhand by the affiant, Ashley Fields.

objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Petitioner objected to the decision denying his motion to amend. ECF No. 30. By seeking to amend his petition, Petitioner sought to avoid dismissal. Thus, Petitioner's objection to the decision denying his motion to amend could be generously construed as an (indirect) objection to the R&R recommending dismissal. At stake here is whether the R&R should be subject to *de novo* review (because Petitioner objected) or clear-error review (because he did not object). *See Monroe v. Houk*, 2016 WL 1252945, at *1. Regardless, the Court would reach the same result.

Following Respondent's second objections to the Magistrate Judge's second R&R recommending denial of Respondent's motion to dismiss, the Magistrate Judge issued a third R&R, which recommended that the petition be dismissed as untimely. ECF No. 28, 2. Specifically, the R&R recommended dismissal because Petitioner failed to show that extraordinary circumstances caused his untimely filing, and thus he is not entitled to equitable tolling. *Id.* at 3. Petitioner argues that his February 3, 2023, filing was timely because the Supreme Court of Ohio declined to accept jurisdiction on February 15, 2022, thus placing the end of the one-year limitations period on February 15, 2023. ECF No. 1. However, Respondent points out that the limitations period began running much earlier, when the 45-day window for Petitioner's discretionary appeal to the Ohio Supreme Court closed on April 27, 2018. ECF No. 7, 11. From the following business day (April 30), Petitioner's limitations period ran until he filed his motion for delayed appeal 35 days later on June 4, 2018. *Id.* at 12. Therefore, Respondent contends that the limitations period actually expired January 12, 2023. *Id.*

Petitioner may overcome his untimeliness with a showing of extraordinary circumstances causing the delay. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750 (6th Cir. 2011) (to

warrant equitable tolling, "a habeas petitioner must demonstrate both that he has been diligent in pursuing his rights and that an extraordinary circumstance caused his untimely filing"). Specifically, the extraordinary circumstances must be those which "unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010).

In the instant case, Petitioner failed to account for the 35 days that ticked down his habeas clock in 2018. As the Magistrate Judge observed, "This was a relatively minor mistake of law." ECF No. 28, 2. But it was not a circumstance beyond his control; rather, it was "a mistake he made internally." *Id.* at 3. Petitioner notes that he "placed his memorandum in support of jurisdiction in Lebanon Correctional legal mailbox, allowing over (8) days for delivery" but that "postage was not processed properly, thereby preventing timely delivery." ECF No. 1-1, 1. Thus, Petitioner alleges that the lapsed window for his discretionary appeal—which precipitated the 35-day run on his limitations period for the instant petition—was an extraordinary circumstance beyond his control. But Petitioner became aware of the delay when he filed his motion for delayed appeal. After the Supreme Court of Ohio declined to accept jurisdiction on February 15, 2022, Petitioner still had nearly 11 months to timely file his petition. Petitioner points to no extraordinary circumstances that unavoidably prevented him from filing his petition during those 11 months. Even assuming that the prison mailroom delay in 2018 was indeed a circumstance beyond Petitioner's control, the delay merely caused Petitioner to believe he had more time than he did. This was a mistake of law, and not an extraordinary circumstance warranting equitable tolling.

The Court therefore finds no clear error in the Magistrate Judge's Report and Recommendation (ECF No. 28).

**CONCLUSION**

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's *Decision and Order Denying Motion to Amend* (ECF No. 29); Petitioner's objection is without merit and the Court therefore **OVERRULES** the same (ECF No. 30). Furthermore, the Court **ADOPTS** the Magistrate Judge's *Substituted Report and Recommendations* (ECF No. 28), noting that no objections thereto have been filed and that the time for filing such objections has closed. Therefore, pursuant to the Magistrate Judge's recommendation, the Court **GRANTS** Respondent's *Motion to Dismiss Habeas Petition as Time-Barred* (ECF No. 7).

    **IT IS SO ORDERED**.

                                              s/ James L. Graham
                                              JAMES L. GRAHAM
                                              United States District Judge

DATE: June 7, 2024